**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NAEL ANTONIO RODRIGUEZ VILERA, | ) ) ) | |
| Petitioner, | ) ) | No. 26-cv-09192 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| SAMUEL OLSON, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, Acting U.S. Attorney General, | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) | |

**ORDER**

For the reasons set forth in the Statement below, the petition for writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). R. 1.[1] For the same reason, the petitioner's request for a temporary restraining order is denied without prejudice. *Id.* The Court's August 3, 2026 order temporarily restricting the petitioner's removal and transfer is stricken. R. 3. Civil case terminated.

**STATEMENT**

Petitioner Nael Antonio Rodriguez Vilera filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 following his arrest and detention by immigration authorities on August 1, 2026. R. 1 ¶ 1.

The petition asks the Court to issue a writ of habeas corpus ordering the petitioner's immediate release from custody or, in the alternative, a prompt individualized bond hearing. R. 1 at 16-17. The petition also asks the Court to enter a temporary restraining order preventing the respondents from (1) removing him from the United States in violation of the automatic stay under 8 C.F.R. § 1003.23(b)(4)(ii) and (2) transferring him outside the Northern District of Illinois while this petition is pending. R. 1 ¶ 63-67.

---

[1] Citations to the docket are indicated by "R." followed by docket number, and, where necessary, a page or paragraph citation.

On August 3, 2026, the Court entered an interim order restricting the petitioner's removal and transfer pending further consideration of its jurisdiction and set a hearing on the petition and request for a temporary restraining order. R. 3. The Court held that hearing on August 5, 2026.

The Court first addresses the petitioner's request for a temporary restraining order barring his removal from the United States and transfer outside of this district. R. 1 ¶ 63-67.

The petitioner is presently subject to an *in absentia* order of removal entered by the Chicago Immigration Court at a hearing on June 17, 2026. R. 1 ¶¶ 2, 25-26. The petitioner alleges that he did not receive notice of the hearing and that the petitioner first learned of the *in absentia* order following his arrest. *Id.* ¶ 25-26. The petition states that he intends to file a motion to reopen and rescind the order. *Id.* ¶ 2, 4.

Under 8 C.F.R. § 1003.23(b)(4)(ii), the filing of such a motion "shall stay the removal of the alien pending disposition of the motion by the immigration judge." The petition therefore asks the Court to restrain the respondents from removing the petitioner based on the stay provided by § 1003.23(b)(4)(ii), and separately asks the Court to restrain his transfer outside this district. R. 1 ¶ 63-67.

As of the August 5 hearing, however, the petitioner had not filed a motion to reopen. Although the petitioner states that he intends to file such a motion, that intent does not trigger the regulatory stay. R. 1 ¶ 4. As the petition itself acknowledges, the stay under § 1003.23(b)(4)(ii) becomes operative upon the filing of a motion to reopen. R. 1 ¶¶ 4, 35-38, 55-56.

The absence of that stay presents a threshold jurisdictional obstacle to the Court's ability to consider the temporary relief requested. Section 1252(g) provides that, "[e]xcept as provided in this section and notwithstanding any other provision of law," no court has jurisdiction to hear a claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g).

Here, the petitioner is subject to an outstanding removal order that the government may presently execute, and no motion triggering the regulatory stay identified in the petition has been filed. The petitioner nevertheless asks the Court to prevent his removal from the United States and transfer outside of this district. R. 1 ¶ 63-67. Such relief would interfere with the government's execution of the petitioner's removal order, and § 1252(g) deprives the Court of jurisdiction to adjudicate it. *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (holding that § 1252(g) deprived the district court of jurisdiction to enjoin removal where the petitioner "does not challenge the legality of her removal order").

The same jurisdictional obstacle applies to the underlying habeas relief request: an order directing the petitioner's immediate release or, in the alternative, a prompt individualized bond hearing. R. 1 at 16-17. This case differs from other recent cases in this district involving petitioners detained by immigration authorities who were not yet subject to executable removal orders. *See, e.g. Martinez Alegria v. Eng.*, No. 26 C 6511, 2026 WL 1674152 (N.D. Ill. June 10, 2026). Those cases have presented questions concerning the statutory authority for detention and the availability of a bond hearing. *See, e.g., Castanon-Nava v. U.S. Dept of Homeland Security*, No. 25-3050 (7th

2

Cir. May 5, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026). The Court need not address those questions here.

The dispositive distinction is that the petitioner in this case is presently subject to an outstanding removal order that the government may execute. In these circumstances, ordering the petitioner's release or requiring a bond hearing would interfere with the government's execution of that existing removal order. Because § 1252(g) expressly deprives federal courts of jurisdiction over claims arising from the government's decision or action to execute removal orders, the Court lacks jurisdiction to adjudicate a habeas petition under these circumstances. *See E.F.L*, 986 F.3d at 965.

Therefore, the petition is dismissed without prejudice for lack of subject matter jurisdiction. The petitioner may file a new petition if and when he can address the threshold jurisdiction issue identified above, including after filing the motion to reopen that would stay his removal pursuant to 8 C.F.R. § 1003.23(b)(4)(ii).

The petitioner's request for a temporary restraining order is likewise denied without prejudice. The interim restrictions imposed by the Court's August 3, 2026 order to preserve the status quo while the Court determined its jurisdiction are therefore dissolved.

It is so ordered.

Date: August 5, 2026

_____
John J. Tharp, Jr.
United States District Judge

3