**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NAEL ANTONIO RODRIGUEZ VILERA, | ) ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26-cv-09192 |
| | ) | |
| SAMUEL OLSON, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, Acting U.S. Attorney General, | ) ) ) ) ) ) ) ) | Judge John J. Tharp, Jr. |
| Respondents. | ) ) | |

**ORDER**

Brandon Crowley, Jail Commander for the Clay County Detention Center in Brazil, Indiana, is substituted as the proper respondent in this action. The listed government officials—Samuel Olson, Markwayne Mullin and Todd Blanche—are dismissed from the case. The Clerk is directed to amend the case caption accordingly.

**STATEMENT**

The Supreme Court has held that "core" habeas petitions—in other words, petitions challenging the lawfulness of the petitioner's present physical confinement—must name the "person who has the immediate custody of the person detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. The Seventh Circuit has held that this rule applies where a noncitizen challenges the legality of their detention in the immigration context. *Kholyavskiy v. Achim*, 443 F.3d 946, 952 (7th Cir. 2006).

The petitioner is presently detained at the Clay County Detention Center in Brazil, Indiana, where Brandon Crowley serves as Jail Commander. R. 9 ¶ 3.[1] Crowley is therefore the petitioner's immediate custodian and the proper respondent to his habeas petition. *Id.* Accordingly, Crowley is substituted as respondent, and the named government officials—Samuel Olson, Markwayne

---

[1] Citations to the docket are indicated by "R." followed by docket number, and, where necessary, a page or paragraph citation.

Mullin and Todd Blanche—are dismissed from the case. The Clerk is directed to update the case caption accordingly.

Date: August 6, 2026

John J. Tharp, Jr.
United States District Judge

2